ELECTRONICALLY FILED - 2022 Sep 21 5:08 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0401955

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF ANDERSON<br><br>Deborah Gale Brown,<br><br>               Plaintiff,<br><br>   vs.<br><br>Gary Lynn Montgomery and Volume Transportation, Inc.,<br><br>               Defendants. | IN THE COURT OF COMMON PLEAS<br>TENTH JUDICIAL CIRCUIT<br>CIVIL ACTION NO.: 2022-CP-04-_____<br><br><br>**SUMMONS**<br>**(JURY TRIAL REQUESTED)** |

TO:     THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at his office at 304 North Church Street, Greenville, SC 29601 within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

                                                                   s/ William A. Maxey
                                                                   William A. Maxey, S.C. Bar No. 101804
                                                                   J. Christopher Pracht, S.C. Bar No. 77543
                                                                   Thomason & Pracht, LLP
                                                                   304 North Church Street
                                                                   Greenville, South Carolina 29601
                                                                   Telephone Number: (864) 226-7222
                                                                   Fax Number: (864) 226-7224
                                                                   will@864law.com
                                                                   *Attorneys for the Plaintiff*

Greenville, South Carolina
September 21, 2022

ELECTRONICALLY FILED - 2022 Sep 21 5:08 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0401955

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF ANDERSON<br><br>Deborah Gale Brown,<br><br>     Plaintiff,<br><br> vs.<br><br>Gary Lynn Montgomery and Volume Transportation, Inc.,<br><br>     Defendants. | IN THE COURT OF COMMON PLEAS<br>TENTH JUDICIAL CIRCUIT<br>CIVIL ACTION NO.: 2022-CP-04-_____<br><br><br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

The Plaintiff would respectfully show unto the Court that:

 1. Plaintiff Deborah Gale Brown (hereinafter, "Plaintiff") is a citizen and resident of Anderson County, South Carolina.

 2. Defendant Gary Lynn Montgomery (hereinafter, "Montgomery") is, upon information and belief, a citizen and resident of the state of Georgia.

 3. Defendant Volume Transportation, Inc. (hereinafter, "Volume") is, upon information and belief, a Georgia corporation.

 4. All acts and omissions complained of herein occurred in Anderson County, South Carolina.

 5. This Court has jurisdiction over the persons and subject matter of this action and venue is proper in Anderson County, South Carolina, pursuant to S.C. Code Ann. § 15-7-30(D)(2).

## FACTUAL BACKGROUND

 6. All prior paragraphs are reiterated as if fully restated verbatim herein.

1

7. On or about March 23, 2021, at approximately 11:45 a.m., Plaintiff was a passenger in a vehicle traveling south on Interstate 85 in Greenville County, South Carolina.

8. On or about the same date and time, Montgomery was driving a tractor-trailer owned by Volume and attempted to change lanes from the far right hand lane into the lane immediately to his left. In doing so, Montgomery struck Plaintiff's vehicle on its passenger side, causing a collision that resulted in serious personal injuries and damages to Plaintiff.

9. At all times relevant to this complaint, Plaintiff did not contribute to the collision.

10. Upon information and belief, at all times relevant to this complaint, Montgomery was an employee, agent, and/or servant of Volume.

11. Upon information and belief, Volume is an interstate motor carrier and is thus subject to the Federal Motor Carrier Safety Regulations.

**FOR A FIRST CAUSE OF ACTION**
**(NEGLIGENCE/GROSS NEGLIGENCE – Montgomery)**

12. The preceding paragraphs are reiterated as if fully restated verbatim herein.

13. The injuries and damages incurred by Plaintiff were directly and proximately caused by Montgomery's careless, negligent, grossly negligent, willful, wanton, reckless, and unlawful acts and breaches of Montgomery's duties of care to Plaintiff in one or more of the following particulars:

    a) In traveling too fast for conditions in violation of S.C. Code Ann. § 56-5-1520;

    b) In improperly changing lanes in violation of S.C. Code Ann. § 56-5-1900;

ELECTRONICALLY FILED - 2022 Sep 21 5:08 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0401955

ELECTRONICALLY FILED - 2022 Sep 21 5:08 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0401955

    c) In violating one or more of the Federal Motor Carrier Safety Regulations;

    d) in failing to apply the brakes of the vehicle and/or maintain them in proper working condition;

    e) in failing to steer or take other evasive action so as to avoid the collision;

    f) in failing to keep a proper lookout;

    g) in failing to maintain control of the vehicle;

    h) in failing to observe the condition of traffic; and,

    i) in other such ways that will become evident through discovery.

14. As a direct and proximate result of the collision and Montgomery's acts and omissions set forth above, Plaintiff suffered the following injuries and damages:

    a) extensive pain, mental anguish, suffering and discomfort;

    b) disability for a period of time;

    c) money spent for medical care and treatment, past, present and future;

    d) loss of use;

    e) permanent impairment and/or injury;

    f) lost wages;

    g) emotional trauma and distress;

    h) loss of enjoyment of life; and,

    i) in other such ways as will be proven at the trial of this case.

15. Montgomery's careless, negligent, grossly negligent, willful, wanton, reckless and unlawful acts were the direct and proximate cause of the collision and resulting injuries and damages to Plaintiff.

16. Montgomery's violations of the above-cited traffic statutes and regulations constitute negligence *per se*.

17. At all times relevant to this complaint, Montgomery was, upon information and belief, an employee, agent, and/or servant of Volume. As such, pursuant to the doctrine of *respondeat superior*, Volume is liable to Plaintiff for Montgomery's tortious acts and/or omissions.

18. Plaintiff is informed and believes that she is entitled to judgment against Defendants for actual and punitive damages in an amount to be determined by a jury.

**FOR A SECOND CAUSE OF ACTION**
**(Negligent Training/Hiring/Supervision – Volume)**

19. The preceding paragraphs are reiterated as if fully restated verbatim herein.

20. Volume, as the employer of its employee, agent, and/or servant Montgomery, had a duty to Plaintiff and all other foreseeable victims of Montgomery's tortious acts and/or omissions to take reasonable care in its training, hiring, and supervision of Montgomery.

21. Further, Volume is required as an interstate motor vehicle carrier to comply with Federal Motor Carrier Safety Regulations as promulgated by the United States federal government.

22. Volume breached its duties to Plaintiff in one or more of the following ways:

   a. Failing to reasonably investigate Montgomery's background prior to hiring him to drive its vehicles;

   b. Failing to reasonably investigate Montgomery's physical and mental fitness to drive its vehicles;

c. Failing to maintain its vehicles in reasonable and proper working order;

d. Failing to inspect its vehicles for any unsafe conditions rendering them unsafe for use on the highway and/or other roadways;

e. Failing to ensure that Montgomery received reasonable training in the safe operation of its vehicles on the highway and/or other roadways;

f. Failing to institute safety protocols governing Montgomery's conduct as a driver in its employ;

g. Failing to enforce such protocols as they applied to Montgomery;

h. Violating one or more of the Federal Motor Carrier Safety Regulations;

i. Failing to reasonably monitor Montgomery's hours of service;

j. Failing to ensure Montgomery adequately logged his hours of service and maintained all required vehicle logs; and,

k. In other such ways as will become apparent through discovery.

23. As a direct and proximate result of Volume's breaches of its duties of care to Plaintiff, Plaintiff suffered injuries and damages as more fully set forth above.

24. Plaintiff is thus entitled to actual and punitive damages against Volume in an amount to be determined by a jury.

25. The wrongful acts and omissions of Volume and Montgomery combined and concurred to bring about Plaintiff's injuries and damages. As such, the Defendants are jointly and severally liable to Plaintiff for actual and punitive damages in an amount to be determined by a jury.

**(continued on next page)**

ELECTRONICALLY FILED - 2022 Sep 21 5:08 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0401955

WHEREFORE; Plaintiff prays for judgment against Defendants for actual and punitive damages, the costs of this action, and for such other and further relief as the Court may deem just and proper. **Furthermore, Plaintiff demands a trial by jury.**

                      Respectfully submitted,

                      **THOMASON & PRACHT, LLP**

                      s/ William A. Maxey
                      William A. Maxey, S.C. Bar No. 101804
                      J. Christopher Pracht, S.C. Bar No. 77543
                      304 North Church Street
                      Greenville, South Carolina 29601
                      Telephone Number: (864) 226-7222
                      Fax Number: (864) 226-7224
                      will@864law.com
                      *Attorneys for the Plaintiff*

Greenville, South Carolina
September 21, 2022